# National Bankruptcy Services, LLC

14841 Dallas Parkway, Suite 300  ◆  Dallas, Texas 75254  ◆  (972) 643-6600  ◆  (972) 643-6698 (Fax)

September 20, 2018

Stephanie F. Ritigstein  
Jenkins And Clayman  
412 White Horse Pike  
AUDUBON, NJ 08106

VIA FACSIMILE _____

RE:  
    Debtor(s): Marc J. Mignano and Jennifer L. McGuckin-Mignano  
    Case No: 17-32225-ABA  
    Client: Specialized Loan Servicing, LLC  
    Client Loan Number: xxxxxx9838  
    Our File Number: 5120-N-7860  
    Property Address: 101 Deerwood Drive  
    Franklinville, New Jersey 08322

Dear Stephanie F. Ritigstein:

National Bankruptcy Services, LLC has been contracted by Specialized Loan Servicing, LLC ("Client") to assist the borrower(s) in exploring a potential workout alternative given their existing hardship.

Our Client is offering to modify the borrower's loan. The modification will result in a permanent change in one or more of the terms of the loan which may include a reduction of the interest rate for a specified period of time and/or a temporary suspension of interest rate changes on an adjustable rate mortgage. The loan would be brought current by adding the accrued and unpaid interest, outstanding fees and other costs due to the principal balance and re-amortizing the loan. Such changes allow the loan to be reinstated and result in a contractual payment the debtor(s) client(s) could afford.

As a contingency of this offer, on non-escrowed loans, our Client will require that the debtor's plan provide for payment of delinquent property taxes, liens and other senior encumbrances.

Please review the attached Loan Modification Agreement for the terms and conditions of the loan modification. Should the borrower(s) choose to accept this offer, please have the Agreement signed and initialed by all parties indicated on the agreement and **returned to our office at the address above by October 4, 2018.** Failure to do so will result in the withdrawal of the offer to modify without further notice.

Upon receipt of the signed Agreement, our office will file the necessary paperwork to obtain Bankruptcy Court approval. However, if jurisdictional rules require your office to obtain Bankruptcy Court approval, such requests must be made within 20 days of receipt of the signed Agreement. Upon approval by the Bankruptcy Court, our Client will process the loan modification so long as all terms and conditions are met.

EXHIBIT A

This letter should not be interpreted as a waiver of the exercise of any of the Client's rights under applicable law or their right to proceed with a motion for relief in the bankruptcy proceeding.

If you or the borrower(s) have any questions or wish to discuss this offer or any other alternatives, please feel free to contact us at 1-855-739-2015.

Sincerely,

Loss Mitigation Department

### *Attention*

*Be aware that we expect ongoing mortgage and/or plan payments to be made throughout the negotiation process. We will take all actions permitted by law to protect our Client's rights independent of this offer. We expect that the borrower will assist in obtaining court approval should a loss mitigation alternative be approved, but we cannot guarantee approval.*

### *Special Notice/Consumer Disclosure*

*The following notice is given to you in the event that the Federal Fair Debt Collection Act applies to this communication. This communication is made in an attempt to collect on a debt and any information obtained will be used for that purpose. However, if you are in an active bankruptcy case, not obligated on the debt or if the debt has been discharge in a bankruptcy proceeding and the loan was not reaffirmed in the bankruptcy case, our Client will only exercise its rights against the property and not you personally.*

*Please be advised that National Bankruptcy Services, LLC is not a law firm, but is a company which handles certain processes and non legal functions for its clients.*



**Specialized Loan Servicing**
Part of the Computershare Group

8742 Lucent Blvd, Suite 300, Highlands Ranch CO 80129          800-306-6059

MARC J. MIGNANO                                RE: Loan Number: 1013419838
JENNIFER L. MIGNANO                            Property Address:
101 DEERWOOD DR                                101 DEERWOOD DR
FRANKLINVILLE, NJ  08322                       FRANKLINVILLE, NJ  08322

September 10, 2018

Dear MARC J. MIGNANO and JENNIFER L. MIGNANO,

**Congratulations!** You are eligible for a Modification Program. There are tremendous benefits of a loan modification, some of which may include a lower or fixed interest rate and a lower monthly payment, which will result in a current loan status.

Additionally, an escrow account for payment of real estate taxes and insurance premiums may be required in conjunction with your loan modification. If required, an estimated monthly escrow amount is included below. The initial estimated amount is calculated based upon the tax and insurance information obtained while in the modification process, and may change. An escrow analysis statement referencing the actual payment and effective date will be mailed to you within four weeks of the modification being completed. SLS will draw on the escrow account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that SLS must place in escrow will also adjust, as permitted by law. This means that your monthly payment may change. An analysis of this account will be performed annually.

Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of **$2,389.27**. You may pay this amount over a 5-year (60 months) period. If you wish to pay the total shortage now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.

**How to accept this offer:**

**STEP 1 COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE**

To accept this offer, you must sign and return both originals of the Modification Agreement to us in the enclosed, prepaid envelope by **September 25, 2018**. If the Modification Agreement has notary provisions at the end or attached, you must sign both original Modification Agreements before a notary public and return the notarized originals to us. We encourage you to make a copy of all documents for your records. If you do not send both signed originals of the Modification Agreement by the above date, you must contact us if you still wish to be considered for this program and have your loan modified.

You may wish to consult your attorney or financial advisor to review the terms of the modification; we encourage you to return it to us as soon as possible. Please contact us at 1-800-306-6059 if you have any questions.

As a result of this Modification Offer, debt under your Mortgage Note may have/has been forgiven and there may be tax consequences to you. Please consult your tax advisor.

www.sls.net

Cover Letter
W3078H                          Page 1 of 6                    62924MU 12/17


*1013419838*



8742 Lucent Blvd, Suite 300, Highlands Ranch CO 80129          800-306-6059

**STEP 2 CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

If your workout required a trial period plan, be certain to make any remaining trial period payments on or before the dates they are due. If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified.

To better understand the proposed terms of your modified mortgage, please read the attached summary of your modified mortgage and the Modification Agreement.

Sincerely,

**KATINA, 19405**
Customer Resolution Department
Specialized Loan Servicing LLC

**In accordance with the Fair Debt Collection Practices Act, you are hereby given notice of the following:**
Please be advised that we are attempting to collect a debt and any information obtained will be used for that purpose. Calls will be monitored and recorded for quality assurance purposes. If you do not wish for your call to be recorded, please notify the Customer Assistance Associate when calling.

Please be advised that if the Agreement is altered in any way that the modification agreement will be rejected and the offer to modify your mortgage loan will be voided. All terms of the original Note and Deed of Trust will be immediately effective, including any default status of the loan.

**SPECIALIZED LOAN SERVICING LLC IS REQUIRED BY FEDERAL LAW TO ADVISE YOU THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**BANKRUPTCY NOTICE - IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO INFORM YOU OF THE STATUS OF THE MORTGAGE SECURED BY THE SUBJECT PROPERTY. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. IF YOU RECEIVED A DISCHARGE OF THE DEBT IN BANKRUPTCY, WE ARE AWARE THAT YOU HAVE NO PERSONAL OBLIGATION TO REPAY THE DEBT. WE RETAIN THE RIGHT TO ENFORCE THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY, IF ALLOWED BY LAW AND/OR CONTRACT. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1-800-306-6057.**


*10134198 38*



Specialized Loan Servicing
Part of the Computershare Group

**MARC J. MIGNANO**
**JENNIFER L. MIGNANO**
**101 DEERWOOD DR**
**FRANKLINVILLE, NJ  08322**

Attached please find your documents from Specialized Loan Servicing LLC (SLS) . If you have any questions concerning these documents, please call us at 1-800-306-6059 and speak with the first available agent. Thank you for your consideration.

8742 Lucent Blvd, Suite 300, Highlands Ranch CO 80129
Ph: 1-800-306-6059 Fax: 1-877-875-0981

Cover Letter
W3078H

Page 3 of 6

62924MU 12/17 Rev. 7/18


*10134198 38*

SLS Instruction Sheet

Date: **September 10, 2018**

| Summary | Here's a summary of your modified mortgage. |
|---|---|

**NEW PRINCIPAL BALANCE.** Any past due amounts as of the time of the offer, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance. In addition, your mortgage insurance premium may increase as a result of the higher mortgage loan balance. **If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.**

**INTEREST RATE.** The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement in Section 3.C.

**TERM EXTENSION.** To reduce your mortgage payment, we will extend the term of your mortgage. This means we will spread your payments over a longer period.

**DEFERRAL OF PRINCIPAL.** To further reduce your mortgage payment, we will defer collection of and not collect interest on **$0.00** of your outstanding principal. You will not be required to make monthly payments on that portion. This portion of principal will be due when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due.

**ESCROW ACCOUNT.** The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. The initial estimated amount is calculated based upon the tax and insurance information obtained while in the modification process, and may change. An escrow analysis statement referencing the actual payment and effective date will be mailed to you within four weeks of the modification being completed. Specialized Loan Servicing LLC (SLS) will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that Specialized Loan Servicing LLC (SLS) must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment is estimated to be **$999.44**. This amount is included in the loan payment noted in Section 3.C. of the enclosed Modification Agreement; you do not need to remit this amount separately.

**ESCROW SHORTAGE.** Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of **$2,389.27**. You may pay this amount over a 5-year (60 months) period. **If you wish to pay the total shortage now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.**

Cover Letter
W3078H

Page 4 of 6

62924MU 12/17 Rev. 7/18



*1013419838*

**PAYMENT SCHEDULE.** The enclosed Modification Agreement includes a payment schedule in Section 3.C. showing your payment plan for the life of your modified loan.

**FEES.** There are no fees or other charges for this modification.

**REPRESENTATIONS.** Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at 1-800-306-6059 or Email.

Please be advised that if the Agreement is altered in any way that the modification agreement will be rejected and the offer to modify your mortgage loan will be voided. All terms of the original Note and Deed of Trust will be immediately effective, including any default status of the loan.

SPECIALIZED LOAN SERVICING LLC IS REQUIRED BY FEDERAL LAW TO ADVISE YOU THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

BANKRUPTCY NOTICE - IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO INFORM YOU OF THE STATUS OF THE MORTGAGE SECURED BY THE SUBJECT PROPERTY. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. IF YOU RECEIVED A DISCHARGE OF THE DEBT IN BANKRUPTCY, WE ARE AWARE THAT YOU HAVE NO PERSONAL OBLIGATION TO REPAY THE DEBT. WE RETAIN THE RIGHT TO ENFORCE THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY, IF ALLOWED BY LAW AND/OR CONTRACT. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1-800-306-6057.



# SIGNING AND NOTARY REQUIREMENTS

\*\* PLEASE BRING THIS SIGNING GUIDE WITH YOU WHEN HAVING THE DOCUMENTS EXECUTED A NOTARY <u>WILL</u> BE NEEDED TO EXECUTE THE ENCLOSED DOCUMENTS. \*\*

INSTRUCTIONS BELOW ARE TO ENSURE TIMELY CLOSING:

\*\* If Marital Status has changed since Origination, please enclose all back up documentation. (Marriage Certificate, Divorce Decree, Recorded Quit Claim Deed (QCD), Death Certificate, Probate Documents, Asset Documents, etc.) \*\*

<u>Borrower Signature Requirements</u>:

- Borrower(s) to sign on **all** signature lines where indicated.
- All documents MUST be signed in BLACK ink.
- All documents MUST be signed in the presence of a notary.
- You must sign your name exactly as your name is printed. If your name is incorrect, please contact **KATINA,19405** : 1-800-306-6059
- Absolutely NO white-out, corrections, or revisions are to be made to these documents. *(All documents must be in recordable form.)*
- Funds to close must be in certified funds (cashier's check, certified check or money order). Personal checks will not be accepted and will be returned. (If Applicable)
- **Please return all pages included in this package once executed (all pages – 2 sets of the final modification documents, including riders and/or agreements) in the enclosed prepaid envelope within 10 days of receipt.**

<u>Witness Requirements</u>:

- Witnesses must print their name beneath their signatures.
- **If two witnesses are required on the documents, please ensure two separate witnesses sign.**
- **Documents requiring witnesses must be witnessed by individual(s) separate from the borrower and/or notary.** If witness name is illegible, not printed, or not witnessed by individual(s) other than the borrower and/or notary, the documents will be returned.

<u>Notary Requirements</u>:

- Notaries must clearly print their name below their signatures.
- The expiration date of the notary's commission must be clearly printed or stamped and must be CURRENT.
- Notary is to complete all acknowledgment fields, including state and county where notarized, date, name, and proof of identity where required.
- **The stamp or seal must NOT impede any of the document verbiage or signatures.**
- **The notary is only to sign in the borrower acknowledgment section.**



After recording please return to:
SPECIALIZED LOAN SERVICING LLC

8742 LUCENT BLVD, SUITE 300
HIGHLANDS RANCH, CO  80129

Prepared by:
SPECIALIZED LOAN SERVICING LLC
CHAD MURRISON
8742 LUCENT BLVD, SUITE 300
HIGHLANDS RANCH, CO  80129
800-315-4757


*[Space Above This Line For Recording Data]*

# MODIFICATION AGREEMENT

Executed on this day: **September 10, 2018**
Borrower ("I"): **MARC J. MIGNANO AND JENNIFER L. MIGNANO** whose address is **101 DEERWOOD DR, FRANKLINVILLE, NJ  08322** ("Borrower").
If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.
Lender or Servicer ("Lender"): **SPECIALIZED LOAN SERVICING LLC** whose principal place of business and mailing address is **8742 LUCENT BLVD, SUITE 300, HIGHLANDS RANCH, CO  80129** ("Lender").
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **July 22, 2004**

---

Modification Agreement
Proprietary W3078H                    Page 1 of 10                                    90386NJ 07/17


*10134 19838*

Original security instrument in the amount of **$180,000.00** and recorded on **July 27, 2004** in Book, Volume, or Liber No. **7818**, at Page **115** (or as Instrument No. **51061**) , in the Office of the County Clerk or Register of **GLOUCESTER** County, State of **NEW JERSEY**.

Loan Number: **1013419838**

Property Address ("Property"): **101 DEERWOOD DR, FRANKLINVILLE, NJ 08322**

Legal Description: **SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. Property Type: Single Family
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification Program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and
   B. I understand that the Loan Documents will not be modified unless and until the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

Modification Agreement
Proprietary W3078II

Page 2 of 10

90386NJ 07/17



3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **September 1, 2018** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **October 1, 2018**.

   A. The new Maturity Date will be: **September 1, 2058**.

   B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges) and deferred principal and other deferred amounts from a prior modification, collectively, "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan. The new Principal balance of my Note will be **$215,796.46** (the 'New Principal Balance'). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. Interest at the rate of **4.250** will begin to accrue on the New Principal Balance as of **September 1, 2018** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **October 1, 2018**. My payment schedule for the modified Loan is as follows:

   Borrower promises to make monthly payments of principal and interest of U.S. **$935.74** beginning on **October 1, 2018**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. At the end of the term, any balance remaining will have to be paid.

   *The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly. Your initial monthly escrow payment will be **$999.44**. Your initial total monthly payment will be **$1,935.18**.

   The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

   I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest- only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

   D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

Modification Agreement
Proprietary W3078H                    Page 3 of 10                    90386NJ 07/17


*10134198 38*

    E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

    F. If on **September 1, 2058**, ('Maturity' or 'Modified Maturity Date'), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Modified Maturity Date.

4. **Additional Agreements.** I agree to the following:

    A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co- borrower is deceased; (ii) the borrower and co- borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

    B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

    C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

    D. Funds for Escrow Items. I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.



    Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

    The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

    If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

    Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in

    accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

---

**Modification Agreement**
**Proprietary W3078H**
Page 5 of 10
90386NJ 07/17


*10134 1 9 8 3 8 *

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product (s), and/ or subordination agreement (s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/ or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement (s), title insurance product (s) and/ or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Modification program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, for mailing address, where applicable, 1901 E. Voorhees Street, Suite C, Danville, IL 61834, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury; (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan (s); (iv) companies that perform support services for the Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

Modification Agreement
Proprietary W3078H               Page 6 of 10                        90386NJ 07/17


*1013419838*

N. That if any document related to the Loan Documents and/ or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

_____ (Seal)  Date: _____
**MARC J. MIGNANO**

_____ (Seal)  Date: _____
**JENNIFER L. MIGNANO**

If the borrower is an inter vivos revocable trust, we require each of the trustees to sign this document in the signature blocks below.

| _____ | *Trustee of the* | _____ | *Trust instrument dated* |
| _____ | *For the benefit of* | _____ | *(Borrower)* |
| _____ | *Trustee of the* | _____ | *Trust instrument dated* |
| _____ | *For the benefit of* | _____ | *(Borrower)* |



## ACKNOWLEDGMENT

State of _____ §
§
County of _____ §

On this _____ day of _____, before me _____, Notary Public, personally appeared MARC J. MICNANO AND JENNIFER L. MICNANO, known or identified to me (or satisfactorily proven), to be the person whose name(s) is/are subscribed to the within instrument, and acknowledged that he (or they) executed the same as his own act for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Signature of Officer

_____
Printed Name

_____
Title of Officer

(Seal)                  My Commission Expires: _____



ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
**SPECIALIZED LOAN SERVICING LLC**

By: _____      _____
           -Lender                                                    Date of Lender's Signature

## ACKNOWLEDGMENT

State of _____            §
                                          §
County of _____         §

    The foregoing instrument was acknowledged before me this _____ by _____, _____ of SPECIALIZED LOAN SERVICING LLC a DELAWARE corporation, on behalf of the corporation.

_____
Signature of Person Taking Acknowledgment

_____
Printed Name

_____
Title or Rank

(Seal)        Serial Number, if any: _____

Modification Agreement
Proprietary W3078H                    Page 9 of 10                    90386NJ 07/17


*10134198 38*

EXHIBIT A

BORROWER(S): MARC J. MIGNANO AND JENNIFER L. MIGNANO

LOAN NUMBER: 1013419838

LEGAL DESCRIPTION:

STATE OF NEW JERSEY, COUNTY OF GLOUCESTER, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWNSHIP OF FRANKLIN, COUNTY OF GLOUCESTER, STATE OF NEW JERSEY:

BEING LOT 9, BLOCK 2801.01 OO PLAN OF MAJOR SUBDIVISION DEERWOOD PHASE III, FILED 8/28/02 IN THE GLOUCESTER COUNTY CLERK'S OFFICE AS MAP NO. 3763.

BEING LOT 9, BLOCK 2801.01 ON THE TAX MAP

Parcel ID Number: Block 2801.01 Lot 9

ALSO KNOWN AS: 101 DEERWOOD DR, FRANKLINVILLE, NJ 08322

